UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CLAUDE E. SINGER,                          :
    Plaintiff,                             :
                                         :
    v.                                     :          No. 5:25-cv-6754
                                         :
NORTHAMPTON COUNTY                         :
PRISON, *et al.*,                          :
    Defendants.                            :

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                    **March 17, 2026**
**United States District Judge**

    *Pro se* plaintiff Claude E. Singer commenced this civil action by filing a Complaint, ECF No. 1 ("Compl."), asserting claims pursuant to Title 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act ("ADA"). In a prior Memorandum, *see* ECF No. 10, and Order, *see* ECF No. 11, the Court granted Singer leave to proceed *in forma pauperis* and dismissed his Complaint on statutory screening pursuant to 28 U.S.C. § 1915. Currently before the Court is Singer's Amended Complaint. *See* ECF No. 12 ("Am. Compl."). For the following reasons, the Court dismisses the Amended Complaint and provides Singer with another opportunity to amend.

**I.    FACTUAL ALLEGATIONS**[1]

    In Singer's initial Complaint, he alleged that he was arrested at a rehabilitation facility and taken to the Northampton County Prison ("NCP") on January 1, 2025. *See* Compl. at 4–5.

---

[1]    The facts set forth in this Memorandum are taken from Singer's Amended Complaint, ECF No. 12. The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

The Court dismissed claims regarding his arrest and arrival at NCP for failure to state a claim, largely because he had not named a proper defendant for a claim under Section 1983 or included sufficient facts to support an ADA claim. *See* ECF Nos. 10, 11.

Singer's Amended Complaint includes even fewer facts. He states that, on January 1, 2023, he was at "[i]ntake" at NCP when Defendants Jane Doe and John Doe #1, two corrections officers, "called Lauren (last name unknown) from Medical." Am. Compl. at 5. She stated, 'Fuck him put him in a cell,'" after which the two corrections officers "gave [Singer] a wheelchair at first but when [he] got to the stairs they took it back and gave [him] a walker to get to a cell." *Id.* The officers took the walker away when Singer reached his cell, leaving him with "no medical assistance to walk." *Id.* When Singer got up later that night to go to the toilet, he fell and hit his head on the cell wall and "was unconscious for a while." *Id.* When he regained consciousness, he "yelled for a long time" before corrections officer John Doe #2 arrived. *Id.* John Doe #2 then "left [Singer lying] there long enough [that Singer] passed out again." *Id.*

Singer asserts that due to the fall in his cell, he suffered a head injury that required stitches, although he provides no information about who administered that treatment or where. *Id.* He also alleges that he suffered headaches, hearing loss, and a "loss of equilibrium while standing," all of which have gone untreated. *Id.* He seeks $1 million in damages. *Id.*

## II.    STANDARD OF REVIEW

Since the Court granted Singer leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss his Amended Complaint if it fails to state a claim. The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether a complaint contains "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court accepts the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in Singer's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Singer is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F. 3d at 244). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

## III.    DISCUSSION

Singer's Amended Complaint fails to state a claim for relief.[2]  Singer again indicates an intent to assert claims under Section 1983 and the Fourteenth Amendment. *See* Am. Compl. at 3.

---

[2]    In drafting his Amended Complaint, Singer checked the boxes on the form he used indicating that he seeks to name the Defendants in their official capacities. Am. Compl. at 2–3. Singer appears not to have understood the implication of checking the official capacity box. Claims against municipal employees, such as the unidentified Defendants here, named in their official capacities are indistinguishable from claims against the governmental entity that employs the Defendants, here presumably Northampton County. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an

As an initial matter, there is some confusion over when the events underlying Singer's claims occurred. The timeliness of a claim brought under Section 1983 is governed by the limitations period applicable to personal injury actions "of the state where the cause of action arose." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Pennsylvania's two-year statute of limitations applies to claims arising under Section 1983. *See Kach*, 589 F.3d at 634 (citing 42 Pa. Cons. Stat. § 5524; *Kost v. Kozakiewicz*, 1 F.3d 176, 189–90 (3d Cir. 1993)). Singer commenced this case, at the earliest, on November 3, 2025, when he signed his initial Complaint. *See* Compl. at 8. In his initial Complaint, he asserted that the date of his arrest and arrival at NCP was January 1, 2025. *See id.* at 4. In his Amended Complaint, however, he states that the events occurred on January 1, 2023, two years earlier, and nearly three years before he commenced this action.[3] *See* Am. Compl. at 5.

An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading and the "original pleading no longer performs any function in the case." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S.

---

action against an entity of which an officer is an agent.'") (quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Because Singer does not attempt to allege an official capacity claim, *see Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation), the Court will liberally construe the Amended Complaint to assert a claim against each of the Defendants in his or her individual capacity. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, 'we first look to the complaints and the course of proceedings.'" (citations omitted)); *Coward v. City of Phila.*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (finding that the plaintiff plausibly stated claim against a correctional officer defendant in his individual capacity to proceed even though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

[3]    Publicly available state court docket information suggests that the arrest in question may have occurred instead in January 2024. *See Commw. v. Singer*, Nos. CP-48-CR-0000144-2024, CP-48-CR-0002369-2023, CP-48-CR-0002158-2023 (Northampton C.P.).

4

22, 35 (2025) (citation omitted).   The Court cannot look to the original Complaint "to help fill the factual void in [Singer's] amended complaint."  *March v. Dep't of Defense*, No. 25-1650, 2025 WL 2417754, at *1 (3d Cir. Aug. 21, 2025) (*per curiam*) (citing *Royal Canin*, 604 U.S. at 35).  Based on the Amended Complaint—the current governing pleading in this case—Singer's claims are untimely, because he pleads that his claims arose on January 1, 2023, more than two years prior to the commencement of this case.  Since the Amended Complaint is untimely on its face, the Court dismisses the Amended Complaint as time barred.  *See Wisniewski v. Fisher*, 857 F.3d 152, 157–58 (3d Cir. 2017) (citation omitted) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").  Given the confusion of when the events giving rise to the claim occurred, the Court provides Singer with another chance to amend and to clarify the relevant dates.

However, Singer has also not included enough facts to support a claim to relief based on his medical treatment.  To state a "deliberate indifference" claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[4]  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

---

[4]    As noted in the Court's prior Memorandum, since Singer was a pretrial detainee at the time of the events underlying his Complaint, the Fourteenth Amendment governs his claims for deliberate indifference.  *See* ECF No. 10 at 7 n.4 (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003)).  However, the standard for claims related to a prisoner's medical needs is essentially the same under either the Eighth Amendment or Fourteenth Amendment for purposes of the analysis.  *See Moore v. Luffey*, 767 F. App'x 335, 340 (3d Cir. 2019) (citing *Natale*, 318 F.3d at 581) ("[T]he Fourteenth Amendment affords pretrial detainees protections at least as great as the Eighth Amendment protections available to a convicted prisoner.").

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a layperson would easily recognize the necessity for a doctor's attention." *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 (3d Cir. 2023) (cleaned up). Deliberate indifference is properly alleged "where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, [or] (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs[.]" *Montanez v. Price*, 154 F.4th 127, 141 (3d Cir. 2025) (citation omitted). "[P]rison officials may not 'deny reasonable requests for medical treatment . . . when such denial exposes the inmate to undue suffering or the threat of tangible residual injury.'" *Durham v. Kelley*, 82 F.4th 217, 230 (3d Cir. 2023) (quoting *Palakovic v. Wetzel*, 854 F.3d 209, 228 (3d Cir. 2017)).

Singer states that when he arrived at NCP, Jane Doe and John Doe #1 gave him a wheelchair and a walker until he reached his cell but then left him with "no medical assistance to walk" once in the cell; that he later fell, hit his head, and lost consciousness; that he "yelled for a long time" before anyone arrived; and that a corrections officer who responded (John Doe #2) left him on the ground until he "passed out again." Am. Compl. at 5. These vague allegations fail to state a claim for deliberate indifference to his serious medical needs, because Singer does not explain why he needed walking assistance while in the cell. For example, he does not specify what diagnosis he had received or what condition he was in at the time that would require assisted walking. He also does not plead facts to suggest that such a need would have been obvious to the defendants. *See Thomas*, 88 F.4th at 281 (requiring a serious medical need to be

6
031726

obvious to laypersons). Singer also fails to plead sufficient facts for the Court to infer that the actions of John Doe #2 in responding to Singer's calls for help after his fall constituted deliberate indifference by denying necessary medical treatment or delaying it for a non-medical reason. Singer fails to connect the actions of any individual to the failure to treat his other symptoms because he does not indicate that he brought those symptoms to anyone's attention. Rather, he alleges that he received stitches for his head wound but did not receive treatment for his other injuries.

Finally, it is not clear from the Amended Complaint whether Singer intends to pursue relief under the ADA, which he specifically mentioned in his initial Complaint, but not in his Amended Complaint. Any such claim would be untimely if it arose on January 1, 2023, as stated in the Amended Complaint, because it is subject to the same two-year statute of limitations as his claims under Section 1983. *See Disabled in Action of Pa. v. SEPTA*, 539 F.3d 199, 208 (3d Cir. 2008) (applying Pennsylvania's two-year personal-injury statute of limitations to claims under the ADA and Rehabilitation Act). As explained in the Court's prior Memorandum, to state a claim to relief under the ADA, a plaintiff must allege that he has a "disability," defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual"; that a public entity excluded him from a benefit because of his disability or denied him a reasonable accommodation for his disability; and, to seek money damages, that his injury was the product of intentional discrimination on the basis of his disability. *See* ECF No. 10 at 8–10 (first quoting 42 U.S.C. § 12102(1)(A); then citing, *inter alia*, *Haberle v. Troxell*, 885 F.3d 170, 181 (3d Cir. 2018)). Singer asserts that he had "no medical assistance to walk" while he was in his cell but does not include any facts about why he would need such assistance or what accommodation he requested. Am. Compl. at 5. In other words, Singer does not include facts

that describe either his disability or the help he asked for, so he does not claim for relief under the ADA.

## IV.   CONCLUSION

For the foregoing reasons, the Court dismisses Singer's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915.  The Court provides Singer with another opportunity to file an amended complaint.  *See Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.").

A separate Order follows, with further information about amendment.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*

JOSEPH F. LEESON, JR.
United States District Judge