**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CLAUDE E. SINGER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:25-cv-6754 |
| | : | |
| NORTHAMPTON COUNTY | : | |
| PRISON, *et al.*, | : | |
| Defendants. | : | |

## O R D E R

**AND NOW**, this 17th day of March, 2026, upon consideration of Plaintiff Claude E.

Singer's *pro se* Amended Complaint, ECF No. 12, it is **ORDERED** that:

1.      The Amended Complaint, ECF No. 12, is **DISMISSED without prejudice** for

failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons stated in the

Court's Memorandum.

2.      Singer may file a second amended complaint **within thirty (30) days of the date**

**of this Order**.  Any second amended complaint must identify all defendants in the caption of the

second amended complaint in addition to identifying them in the body of the second amended

complaint and shall state the basis for Singer's claims against each defendant.  Singer may refer

to a defendant by first or last name only if that is the only identifying information possessed.  If

Singer wishes to name individuals for whom he does not have any identifying information, he

may refer to those individuals as John Doe #1, John Doe #2, etc.[1]  The second amended

complaint shall be a complete document that does not rely on the initial Complaint, Amended

Complaint, or other papers filed in this case to state a claim.  When drafting his second amended

---

[1]      Without the name of at least one individual or entity, however, the Court may be unable
to direct service of any second amended complaint that Singer may file.

complaint, Singer should be mindful of the Court's reasons for dismissing the claims in his initial Complaint and Amended Complaint as explained in the Court's Memoranda.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3.    The Clerk of Court is **DIRECTED** to send Singer a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Singer may use this form to file his second amended complaint if he chooses to do so.  As stated in the form's instructions, Singer may attach additional pages to the form if he needs more space to describe the facts underlying his claims.

4.    If Singer does not wish to amend and instead intends to stand on his Amended Complaint, ECF No. 12, as originally pled, he may file a notice with the Court w**ithin thirty (30) days of the date of this Order** stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5.    If Singer fails to file any response to this Order, the Court will conclude that Singer intends to stand on his Amended Complaint, ECF No. 12, and will issue a final order

2
031726

dismissing this case.[2] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

/s/ Joseph F. Leeson, Jr.

JOSEPH F. LEESON, JR.
United States District Judge

---

[2]   The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accts. Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

031726